IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BAD RIVER BAND OF LAKE SUPERIOR
CHIPPEWA,

                              Plaintiff,                            OPINION and ORDER
    v.

PURDUE PHARMA L.P., PURDUE PHARMA, INC.,                18-cv-1017-jdp
and THE PURDUE FREDERICK COMPANY INC.,

                              Defendants.

---

Plaintiff Bad River Band of Lake Superior Chippewa filed this case in state court against defendants, manufacturers and distributors of opioid medications, alleging violations of Wisconsin statutory and common law as a result of a conspiracy to cause national opioid addiction. Dkt. 1-3. Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company Inc. (collectively, "Purdue") removed the case to this court. Dkt. 1. Purdue says that this court has jurisdiction under 28 U.S.C. § 1331 because resolution of Bad River's claims requires application of the Indian Health Care Improvement Act, 25 U.S.C. § 1601 *et seq*.

Purdue hopes to have the case transferred to the Northern District of Ohio for multidistrict litigation. *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. filed Sept. 25, 2017). The Judicial Panel on Multidistrict Litigation (JPML) issued a conditional transfer order, but the transfer is stayed pending briefing on Bad River's motion to vacate the conditional transfer order. *See* MDL No. 2804, Dkt. 3317 (Dec. 27, 2018). Meanwhile, in this court, Bad River has filed a motion to remand the case to the Circuit Court for Ashland County.

Dkt. 4. Purdue has moved to stay proceedings pending the MDL transfer. Dkt. 7. The court will grant Purdue's motion to stay litigation.

ANALYSIS

District courts within the Seventh Circuit use the following three-question analysis when they "must decide both a motion to remand and a motion to stay proceedings pending a possible MDL transfer." *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. McKesson Corp.*, No. 18-cv-286-JDP, 2018 WL 2390120, at *1 (W.D. Wis. May 25, 2018).

1. Does a preliminary assessment of the jurisdictional issue suggest that removal was improper? If it does, deny the motion to stay and consider the motion to remand.

2. Have similar jurisdictional issues been raised in other cases that have been or may be transferred to the MDL proceeding? If not, deny the motion to stay and consider the motion to remand.

3. Do the traditional factors considered when deciding a motion to stay weigh in favor of a stay? If not, deny the motion to stay and consider the motion to remand.

"Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001).

Here, a preliminary assessment of the jurisdictional issue suggests that the jurisdictional issue is legally and factually difficult. Purdue contends that the court has jurisdiction because Bad River seeks to recover federal funds allocated to it under the Indian Health Care Improvement Act. Purdue argues that the tribe cannot prove injury unless it can show that it would have otherwise had the power to keep and allocate those funds under the act. Purdue relies on *Acoma Pueblo v. Am. Tobacco Co.*, No. 99-cv-1049-ELM-WD, Dkt. 30 (D.N.M. Feb.

20, 2001), which involved similar claims regarding tobacco-related health costs. Bad River says that *Acoma Pueblo* was wrongly decided, and it argues that federal funding alone cannot confer federal jurisdiction. *See Sac & Fox Nation of Oklahoma v. Cuomo*, 193 F.3d 1162, 1164 (10th Cir. 1999).

The same jurisdictional issue appears in other cases that have been transferred or are likely to be transferred to the MDL. Purdue has removed, and attempted to transfer to the MDL proceeding, three additional cases on these grounds. *See* MDL No. 2804, Dkt. 2954 (Nov. 6, 2018) and Dkt. 3088 (Nov. 21, 2018). In two of those cases, the plaintiffs filed oppositions to transfer, MDL No. 2804, Dkt. 3010 and Dkt. 3012 (Nov. 13, 2018), but in one case the plaintiff did not. MDL No. 2804, Dkt. 3151 (Nov. 29, 2018). If those cases are transferred to the MDL, then the Northern District of Ohio will need to consider the same jurisdictional issue that Bad River asks the court to consider here.

So the court will consider the traditional stay factors: "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Meyers*, 143 F. Supp. 2d at 1049. Here, the interests of judicial economy weigh heavily in favor of a stay. The JPML has already determined that centralization of opioid litigation is appropriate because of the common questions of fact and that transfer should not be delayed pending rulings on remand motions. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378–79 (J.P.M.L. 2017). Purdue has three other cases that are likely to be transferred to the MDL and raise the same jurisdictional issue. This issue forms the basis of Bad River's motion to vacate the conditional transfer order in this case, *See* MDL No. 2804, Dkt. 3432 (Jan 10, 2019), as well as the motion to vacate filed by

two other tribes that sued Purdue and oppose transfer to the MDL. *See* MDL No. 2804, Dkt. 3142 (Nov. 28, 2018).

The court recognizes the prejudice to Bad River from a stay: it must wait for a ruling from the JPML on its motion to vacate the conditional transfer order, and if that motion is denied, it must wait even longer for a ruling from the Northern District of Ohio. But Purdue also has an interest in litigating the multiple cases against it in a single forum. And if this court granted the remand motion, Purdue would have to litigate in multiple courts of different governments and might well get inconsistent rulings. Staying the proceedings so that one court can issue one ruling on a difficult issue appears to be the best option. The court will grant Purdue's motion and stay the case pending the JPML's decision on Bad River's motion to vacate the conditional transfer order.

ORDER

IT IS ORDERED that:

1. Defendants Purdue Pharma L.P., Purdue Pharma, Inc. and The Purdue Frederick Company Inc.'s motion to stay, Dkt. 7, is GRANTED.

2. Litigation is STAYED pending the JPML's decision on Bad River Band of Lake Superior Chippewa's motion to vacate the conditional transfer order.

3. The parties must notify this court within three days of the JPML's decision on the motion to vacate the conditional transfer order.

Entered January 17, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge